Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN HENRY BORGSTED, Respondent, for Compensation under the Workmen's Compensation Law, v. SHULTS BREAD COMPANY, Employer, and LONDON GUARANTEE AND ACCIDENT COMPANY, Insurance Carrier, Appellants.

Third Department, November 28, 1917.

Workmen's Compensation Law — purpose of statute — injury resulting in total permanent disability by reason of loss of eyesight — syphilitic condition of claimant aggravated by breaking of tibia — disease not resulting from accident.

The purpose of the Workmen's Compensation Law was not to abrogate the divine law that the " sins of the father shall be visited upon the sons, even to the third and fourth generation," but to impose upon certain designated industries or the product of such industries the burdens of the accidents arising out of such employments.

Evidence examined, and *held*, insufficient to establish that the claimant's previous diseased condition has become so aggravated because of the fracture of the right tibia above the ankle as to produce permanent total disability consisting of the loss of eyesight.

To constitute an injury resulting in total disability by reason of the loss of eyesight, it must be shown that the eyesight was destroyed by the

injury or that the injury produced "such disease or infection" as resulted in the loss of the eyesight; the injury must be "an accidental injury" and "such disease or infection as may naturally and unavoidably result therefrom."

An injury which does not naturally and unavoidably produce disease or infection cannot be compensated under the law, except as to the extent of the actual injuries.

The insurance carrier is liable for the compensation due for the breaking of the tibia and may be liable for the disability or partial disability arising out of such injury during its continuance, though this should be prolonged by the pre-existing condition of the claimant.

KELLOGG, P. J., and COCHRANE, J., dissented.

APPEAL by the defendants, Shults Bread Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 23d day of March, 1917, awarding compensation for permanent total disability.

*William Butler,* for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

WOODWARD, J.:

There is no dispute that John Henry Borgsted received injuries while employed by the Shults Bread Company, in a hazardous occupation, on the 22d day of March, 1916, but the question whether such injuries resulted in the permanent disability of the injured employee is presented. The State Industrial Commission has found as conclusions of fact that " on said date while John Henry Borgsted was working for his employer and was driving his employer's wagon at 169th street, * * * he slipped in getting off of his wagon and fell, and thereby received a spiral fracture of the right tibia just above the ankle. Previous to this accident, Borgsted was afflicted with the disease of syphilis. * * * The injury to the ankle caused a lowering in Borgsted's resisting power and made him less able to resist the progress of the disease of syphilis which manifested itself one week after he returned home by a dimness of vision which has now become

so severe that he is able now to perceive only the difference between light and darkness. In this way his previous diseased condition has become aggravated and there has been caused a complete permanent disability. The fractured ankle is still painful at the date hereof and he is still compelled to walk on crutches by reason of the condition of the said ankle. By reason of the said disease the healing of the ankle has been much prolonged. Even if Borgsted possessed sight in both eyes, he could not use his right ankle for the purpose of getting about without the aid of a crutch or possibly of a cane. Considering the existence of the disease of syphilis, and the pre-existing involvement therein of his optic nerves, the present condition of Borgsted is the natural result of his injury. The injury to Borgsted is total permanent disability, as the loss of vision in the eyes cannot be cured." The Commission then finds the amount of wages, and that the " injuries to John Henry Borgsted were accidental injuries, and arose out of and in the course of his employment," and holds as a conclusion of law that " this claim comes within the provisions " of the statute, and awards the sum of ten dollars and twenty-five cents weekly during the balance of his life for permanent total disability.

The insurance carrier appeals from this award and urges that the finding of the Commission, that the claimant's previous diseased condition has become aggravated because of the accident, is without basis of fact, and is not supported by any evidence, and we are referred to much detailed expert testimony upon this proposition, which it does not seem to us important to consider, for the reason that upon the Commission's own findings of fact the conclusion of law that this accident produced a permanent total disability does not follow. The purpose of the Workmen's Compensation Law was not to abrogate the divine law that the " sins of the father shall be visited upon the sons, even to the third and fourth generation," but to impose upon certain designated industries, or the product of such industries, the burdens of the accidents arising out of such employments. (*Ives* v. *South Buffalo R. Co.*, 201 N. Y. 271, 286.) The finding that the accident occurred, and that it resulted in a spiral fracture of the right tibia just above the ankle, establishes

the nature of the accident, which is one of very incidental importance, and ought not to result in anything more serious than a short disability. The accident occurred on the 22d of March, 1916, and the Commission finds that there was some pain, and that it was necessary to use a crutch at the time of the report, which was dated April 30, 1917, more than one year after the accident. The Commission finds that by reason of the disease the healing of the ankle has been prolonged, but its finding of fact is not that this condition of the ankle has produced the permanent total disability, but that such disability is caused by "the loss of vision in the eyes," which cannot be cured.

The statute (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 3, subd. 7) defines "injury" and "personal injury" to "mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." To constitute an injury resulting in total disability by reason of the loss of eyesight it must be shown that the eyesight was destroyed by the injury, or that the injury produced "such disease or infection" as resulted in the loss of the eyesight; the injury must be "an accidental injury," and "such disease or infection as may naturally and unavoidably result therefrom." An injury which does not naturally and unavoidably produce disease or infection cannot be compensated under the law, except to the extent of the actual injuries. The insurance carrier is liable for the compensation due for the breaking of the tibia, and it may be that it would be liable to compensate the claimant for the disability, or partial disability, arising out of such injury during its continuance, though this should be prolonged beyond the ordinary period by reason of the pre-existing syphilitic condition of the claimant, but where, as here, it is found that the claimant was the victim of a disease, which all the witnesses agree was the cause of the loss of eyesight, and the most that is suggested is that the disease may have been aggravated by the accident, the case is not within the statute, in so far as it relates to the loss of eyesight. The disease, which the Commission finds existed prior to the accident, did not " naturally and unavoidably result " from the accident; it was there with

all the potentiality of destruction to the eyesight when this accident occurred, and if we assume that the disease was aggravated by the accident; that it developed more rapidly than would otherwise have been the case; still the disease or infection was not the result of the accident, and it is only resulting disease or infection which is provided for by the law. The evidence before the Commission is undisputed that this disease had resulted in "an atrophy or degeneration of the optic nerve," and that "such a condition is in consequence of a specific constitutional infection and is permanent with tendency toward progression;" that the claimant had developed the symptoms of locomotor ataxia, and that the atrophy of the optic nerve predated the injury, and the only inference from the testimony is that the claimant was so far advanced in the disease that it was only a matter of a comparatively short time when he must have reached the results which now prevail, though no accident had happened. There is some slight testimony to the effect that the disease might have been aggravated or accelerated by reason of the degeneration of the tissues, lessening the claimant's power of resistance, but this does not tend to bring the case within the letter or the spirit of the statute, for no one has ever suggested that the results of "specific constitutional infection," which in the present case are conceded to be congenital syphilis, constituted a legitimate charge upon the industrial life of the State.

We are clearly of the opinion that the facts found by the Commission, many of which were not in issue, do not give rise to the conclusion of law that this case, as here presented, comes within the statute. That the claimant may be entitled to further compensation upon his claim for the spiral fracture of the right tibia, which was the full measure of his demand in the first instance, may be conceded, and this though the injury may have been prolonged in its results because of the degeneracy due to syphilis; but that the State Industrial Commission has no jurisdiction to award compensation for a permanent total disability due to loss of eyesight, where such loss cannot by any possibility be traced to the accident, and where no claim for such loss of eyesight was made, is certain.

The award should be reversed, and the matter should be

remitted to the State Industrial Commission for such further action as the Commission may be advised, consistent with this determination.

All concurred, except KELLOGG, P. J., and COCHRANE, J., dissenting.

Award reversed and matter remitted to the State Industrial Commission for such further action as the Commission may be advised consistent with the opinion herein.