Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FREDERICK FINKELDAY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HENRY HEIDE, INC., Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, September 8, 1920.

**Workmen's Compensation Law — syphilitic infection aggravated by physical injury — award affirmed.**

Where a person having a syphilitic infection sustained a physical injury to his wrist in the course of his employment which aggravated the infection so that it developed into general paresis, an award under the Workmen's Compensation Law is justified.

WOODWARD and KILEY, JJ., dissent, with opinion.

APPEAL by the defendants, Henry Heide, Inc., and another, from an award of the State Industrial Commission, made on the 8th day of September, 1919, and entered in the office of said Commission.

*Robert M. McCormick* [*Joseph F. Murray* and *Irving W. Young, Jr.,* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The finding of the Commission is that at the time of the accident consisting of a fractured wrist " the claimant had a syphilitic infection, and the injuries which he sustained were the activating cause in calling into activity general paresis." It does not appear whether his unfortunate affliction results from the sins of his ancestors or his own sins. It is immaterial under the statute we are now administering. The above finding is sustained by the evidence. It was testified that paresis, or as it is sometimes called, general paralysis, is due to syphilis and substantially that any injury, whether a fractured wrist or otherwise or even an emotional injury in a syphilitic person, may be an activating factor in the development of paresis. Although at the time of the accident the claimant had the syphilitic disease it had not at that time

apparently developed itself and did not interfere with his ability to work. But about a week thereafter he began to act queerly and about three months thereafter went to the hospital where he has since remained. That the disease has been accelerated by the accident is clearly a legitimate inference from the evidence. The finding of the Commission on that point is a finding on a question of fact and conclusive. It is perhaps true that if the accident had not occurred the claimant eventually but at a later period would have developed into his present condition but that does not militate against this award. It is no answer to this claim to argue that the disease or infection from which the claimant suffers did not naturally and unavoidably result from the injury. It is sufficient if the disease existed at the time of the injury and was thereby accelerated to such an extent as to impair the earning capacity. Both sides of that question were discussed in *Van Keuren* v. *Divine & Sons* (179 App. Div. 509; affd., 222 N. Y. 648). That was a tuberculosis case and in principle cannot be distinguished from the case we are now considering. If we give it application here an affirmance of this award must follow. I advise such affirmance.

All concur, except WOODWARD, J., dissenting, with an opinion, in which KILEY, J., concurs.

WOODWARD, J. (dissenting):

The State Industrial Commission finds as conclusions of fact that " On December 28, 1917, while the said Frederick Finkelday was engaged in the regular course of his employment, and after making delivery of goods, * * * the claimant in closing the back of said truck fell from the tailboard to the street, as a result of which he sustained a fracture of the left wrist. At the time of the accident the claimant had a syphilitic infection, and the injuries which he sustained were the activating cause in calling into activity general paresis, which disabled him from April 3, 1918, to September 8, 1919, on which date he was still disabled, and which disability was the direct result of the injuries sustained on December 28, 1917." Upon the basis of this finding the Commission has made an award and continued the case for further hearing. The employer and the insurance carrier appeal from the award.

The claimant and the employer, on the 29th of January, 1918, entered into an agreement, approved by the Commission, for the payment of compensation, and payments were made under such agreement down to May 24, 1918. These payments were credited upon the award as subsequently made by the Commission, and the question here is whether the employer and insurance carrier may be charged for the disability resulting, not from the fractured wrist, but from the paresis now in an advanced stage.

While the claimant's wife expressed the opinion that the claimant received an injury to his head at the time of the fall, there is no evidence to support such a conclusion, and the Commission has made no finding other than that the claimant sustained a fracture of the wrist, and that " the activating cause in calling into activity general paresis " was the injury thus received. That is, that the claimant having a well-developed case of syphilis at the time of the injury, and which the evidence shows was a sufficient inducing cause of the general paralysis which produces his present disability; is to be permitted to become a charge upon the employer's industry, upon the theory that a simple fracture of the wrist has caused general paralysis, the present technical description of paresis.

The injury to the wrist, as it appears from the testimony, is practically healed, and there is no evidence in this case that the syphilitic condition was dormant at the time of the injury. Indeed, the Commission finds that " at the time of the accident the claimant had a syphilitic infection," so that it cannot be that the disease or infection was produced by the accident, and it is only " such disease or infection as may naturally and unavoidably result therefrom " — from the accident — that is to be understood as coming within the provisions of the statute. (Workmen's Compensation Law, § 3, subd. 7, as amd. by Laws of 1917, chap. 705; *Borgsted* v. *Shults Bread Co.,* 180 App. Div. 229, 232.) In the case cited the only substantial difference in the facts is that in the one case an ankle was broken, while in the case at bar it is a wrist. The same syphilitic condition existed, and the award was for the loss of eye-sight, while here it is for total disability due to paresis. Both result, not from

the accident, but from the active syphilitic condition of the claimant at the time of the accident, and it is not within the contemplation of the statute that the diseases contracted prior to the accident shall be made the basis of a burden upon the industry of those who are seeking to better their condition. Unless we are to overrule the case of *Borgsted* v. *Shults Bread Co.* (*supra*) and disregard the plain limitations of the statute, this award must be reversed.

The case of *Schlenker* v. *Garford Motor Truck Co., Inc.* (183 App. Div. 166), where the injured party died from tuberculosis of the brain, and the medical testimony indicated that the disease was dormant until brought into activity by a blow upon the head, goes as far, perhaps, as any case decided in this State. But this case did not necessarily determine the point suggested, as it might properly have been disposed of upon the theory that the parties had themselves agreed upon the compensation, and the employer was merely seeking to reopen the case and to avoid the payment. However, the case, which was one of death, merely goes to the proposition that a dormant case of tuberculosis made active by a blow upon the head, may accelerate the death, and thus give rise to the death benefits, which are essentially different from the compensation awards. There the evidence was sufficient to sustain the fact that the blow upon the head was a sufficient inducing cause of the active manifestation of an otherwise dormant disease, while here the evidence clearly indicates that the syphilitic condition was virulent, and that the result was to be anticipated without the intervening injury to the wrist.

The award should be reversed, and the case should be disposed of upon the basis of the injury to the wrist alone, as suggested by Commissioner LYON. In the absence of evidence it cannot be presumed that paresis, resulting from syphilis, is induced by a fracture of a wrist; that it is a disease or infection naturally and unavoidably arising out of an accident of this character.

The award should be reversed.

KILEY, J., concurs.

Award affirmed.