## N. KERCHANSKY v. SWIFT & COMPANY.[1]

July 18, 1924.

No. 24,042.

**Award for compensation sustained.**

On the evidence in this case, reasonable minds might differ as to whether an infection of relator's arm resulted from a compensable injury to his hand received some time before. Hence the decision of the Industrial Commission awarding compensation, will not be disturbed.

Upon the relation of Swift & Company the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review its award of compensation in a proceeding brought under the Workmen's Compensation Act by N. Kerchansky, employe, against Swift & Company, employer. Affirmed.

*Barrows & Metcalf*, for appellant.

*V. A. Jensen*, for respondent.

STONE, J.

Certiorari to review an award of compensation by the Industrial Commission.

It is not questioned that, to start with, relator received a cut on the palm of his right hand followed by a local infection and an indolent ulcer. The original injury occurred on January 25, 1922. By March 4 the injured member was so far healed that the employe returned to work. It is the claim of the employer that the ensuing disability, out of which this contest arises, was not due to the employment and is not compensable.

Some two weeks after returning to work, relator became sick and took to his bed. His testimony is that his right hand had never fully recovered, was still swollen and continued to pain him some. When he again quit his work, he says that he was "awful sick" and that his right arm felt "awful bad." Other than the difficulty with his arm, he had no ailment.

[1]Reported in 200 N. W. 292.

The peculiar thing about it is that relator never thought of again notifying the employer or the latter's physician who first treated him and had discharged him as cured. More than that, when he called another physician, a Dr. Ely, he did not inform him of his first and admittedly compensable disability.

Dr. Ely's treatment consisted of injections of both arms. They were made in the region of the deltoid muscles on March 27. On March 28 relator went to the west side hospital where he was in charge of Dr. Koesting. Again, relator was not so impressed by the supposed connection between the original cut on his hand and his then disability, that he considered it worthy of mention, and Dr. Koesting was not informed to that effect. These circumstances may be explained by the fact that relator is wholly unacquainted with the English language.

When relator was discharged from the hospital after this last difficulty with his arm, he was left with a considerable permanent disability of that member. For that, compensation was awarded by the Industrial Commission. It is that award which is now under review.

The medical testimony is overwhelmingly to the effect that the final and permanently damaging infection of the right arm was not the result of the original cut and the local infection of the hand. Dr. Koesting himself, relator's physician, says that such a causal connection is not probable but possible only.

The Industrial Commission held that compensation should be awarded, being of the view that the final disability was proven to have come about as the result of the original injury.

We cannot reverse that finding. It is not based upon the medical testimony. It is put in the main upon the testimony of relator himself. It indicates that his right hand never got well until after he left the hospital; that the first ailment extended from the hand up into the arm and that the final disastrous infection of that member followed, as effect does cause, from the ulceration of the hand. The evidence is in such shape that reasonable minds may differ.

Therefore, although, as we view it, the evidence seems to preponderate against the result, we cannot interfere.

Order affirmed.