### MICHAEL HIGGINS v. STANDARD OIL COMPANY (INDIANA).[1]

January 23, 1925.

No. 24,397.

**Question of fact to be decided by Industrial Commission and its finding, with reasonable basis, binding on court.**

Whether claimant's disability resulted from the injury or from prior disease was, under the evidence, a question of fact for the Industrial Commission to determine.

Upon the relation of the Standard Oil Company (Indiana), the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order awarding compensation in a proceeding under the Workmen's Compensation Act by Michael Higgins, employe, against the company, employer. Affirmed.

*Orr, Stark & Kidder*, for relator.
*Joseph Harkness, Jr.*, for respondent.

[1]Reported in 202 N. W. 26.

TAYLOR, C.

Certiorari to review an award of the Industrial Commission. The commission awarded the claimant compensation for a healing period of 20 weeks for an injury to his left hand; and also compensation for a further period of 37½ weeks for a permanent partial disability of this hand. The relator does not question the allowance for the healing period, but claims that the permanent disability is not due to the accident but to a prior disease.

The claimant sprained his left wrist in July, 1920, while at work in a garage, and thereafter an open sinus developed which had not fully healed at the time of the accident now in question. He did not regard that injury as serious and continued at work in the garage until laid off in the fall for lack of business. During the following winter he worked with a pick and shovel in the construction of a sewer. In May, 1922, he entered the employ of the relator as a truck driver delivering gasolene and oil, and worked continuously until November, 1923, when his left wrist or hand was again sprained or wrenched causing the injury for which compensation was allowed. The open sore which followed the injury of 1920 had not healed, perhaps for lack of proper treatment, and he wore a bandage around his hand, but was able to, and did, perform all his duties until he sustained the new injury. These duties consisted in part of lifting and carrying containers of oil and gasolene.

The doctors say that an infection of the tendon sheaths, known as tenosynovitis, had followed the old injury, and that the new injury caused a "flare up" of the old disease. As a result of the treatment for the new injury, the old sores were completely healed at the time of the hearing, but the doctors agree that the claimant has lost 25 per cent of the usefulness of his left hand. The present controversy is whether this loss of usefulness resulted from the former disease, as claimed by the relator, or from the new injury, as claimed by the claimant. The doctors were asked whether they were able to say when the disability due to the new injury would cease and only the disability resulting from the former disease would remain, and replied that they were unable to do so.

The duty to determine whether, and to what extent, the present disability resulted from the new injury was committed to the commission by the law. Where the evidence and the inferences which may be drawn therefrom furnish a reasonable basis for their findings of fact, such findings are binding upon this court. This court interferes only when the commission draws conclusions clearly not justified by the record. We are unable to say on this record that the present disability of the claimant is not referable to the new injury.

Award affirmed.