# HAZEL H. WALKER v. MINNESOTA STEEL COMPANY.[1]

June 11, 1926.

No. 25,069.

**Dormant ailments included in compensation act.**

1. The Workmen's Compensation Act contemplates latent or dormant ailments.

**Employe entitled to award if accident causes his disability from disease.**

2. The existence of a disease which does not impair the employe's ability to work will not prevent a recovery if an accident accelerates the disease to a degree of disability.

**Even when accident would have caused no injury to a normal person.**

3. An actual aggravation of an existing infirmity caused by accident in the course of employment is compensable even though the accident would have caused no injury to a normal person.

**Compensation made for effect of injuries on the disease.**

4. Compensation follows because of the effect of the injuries upon the disease.

**Acceleration of paresis by injury question of fact.**

5. Whether paresis, primarily caused by syphilis, is lighted up or accelerated by injuries is a question of fact.

**Sufficient on appeal if referee's findings are sustained by competent evidence.**

6. The reception of incompetent evidence before the referee of the Industrial Commission will not be considered in this court when there is sufficient competent evidence in the case to sustain the findings.

Workmen's Compensation Acts, C. J. p. 69 n. 46, 47, 49; p. 122 n. 40; p. 124 n. 65.

---

See notes in L. R. A. 1917D, 110, 129; L. R. A. 1918F, 869.
See notes in 19 A. L. R. 95; 28 A. L. R. 204.

[1]Reported in 209 N. W. 635.

Certiorari to review the order of the Industrial Commission denying compensation under the Workmen's Compensation Act. Affirmed.

*Warner E. Whipple* and *George W. Atmore, Jr.,* for relator.
*Dennis F. Donovan,* for respondent.

WILSON, C. J.

Certiorari to the Industrial Commission to review an order denying compensation. The employe was a millwright.

On November 29, 1923, he was struck on the head by a heavy steel hook dangling on a chain attached to a moving overhead crane. A laceration of the scalp resulted. On January 12, 1924, a heavy iron cover on an air valve fell and struck his head necessitating four stitches. On February 14, 1924, he was struck on the head by a 4″ x 4″ x 8′ timber used as a lever. A round in a ladder over which it was used broke. Soon after November, 1923, he became mentally depressed. In March he was demoted for inefficiency. In April he was released from service as incompetent. In June he was committed to the State Hospital for the Insane at Fergus Falls. The result of his mental decline was general paresis. History disclosed dormant syphilis.

Relator does not claim that the injuries caused the paresis, but does claim that they aggravated and lighted up the dormant syphilitic condition and hastened the onset of paresis. The employer claims that the injuries in no way accelerated the development of the unfortunate condition.

1. The compensation act was designed for the protection of all laborers coming within its purview. That is, it does not apply to those only who are strong in body. Neither is it limited to those only who are normal. Those who are below normal, have a weakness or a disease, are also within its protection. Compensation is not dependent upon any implied assumption of perfect health. It does not exclude the weak or physically unfortunate. Latent and unknown tendencies to disease are common and the legislature in passing this law must have had in mind the fact that such latent ailments or maladies may develop into serious conditions if incited

to activity because of what might otherwise be regarded as trivial accidental injuries in the course of employment.

2. The existence of a venereal disease which does not impair employe's ability to work will not prevent a recovery if an accident accelerates the disease to a degree of disability. Indianapolis Abattoir Co. v. Coleman, 65 Ind. App. 369, 117 N. E. 502; Hanson v. Dickinson, 188 Iowa, 728, 176 N. W. 823; Crowley v. City of Lowell, 223 Mass. 288, 111 N. E. 786. Relator's theory that paresis is due to syphilis and that an accident was an activating factor in its development was successful in Finkelday v. Henry Heide, Inc. 193 App. Div. 338, 183 N. Y. Supp. 912, affirmed in 230 N. Y. 598, 130 N. E. 909. See also Hills v. Oval Wood Dish Co. 191 Mich. 411, 158 N. W. 214.

3. An actual aggravation of an existing infirmity caused by an accident in the course of employment is compensable, even though the accident would have caused no injury to a normal person. State v. District Court, 138 Minn. 334, 164 N. W. 1012; Hogan v. Twin City A. T. E. 155 Minn. 199, 193 N. W. 122; Gaetz v. Melrose, 155 Minn. 330, 193 N. W. 691; Babich v. Oliver I. M. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 704; Maxon v. Swift & Co. 158 Minn. 491, 198 N. W. 133; Klika v. Ind. School Dist. 161 Minn. 461, 202 N. W. 30; Klika v. Ind. School Dist. 166 Minn. 55, 207 N. W. 185; Wilkins v. Ben's Home Oil Co. 166 Minn. 41, 207 N. W. 183.

4. If the paresis, which was primarily caused by syphilis, was in fact lighted up or accelerated by the injuries to the head, relator should recover. Compensation would follow, not on the theory that the injuries caused the malady or disease—that was already present—but because of the effect of such injuries upon the disease. Such facts result in an "injury to the physical structure of the body" as used in G. S. 1923, § 4326(h).

5. The claim for compensation in this case depends upon whether or not the paresis, which was primarily caused by syphilis, was lighted up or accelerated by the injuries to employe's head. This is a simple question of fact. If answered in the affirmative it is compensable; otherwise not. We have disturbed findings of fact made by the

commission only when we have found that they were made upon an erroneous theory concerning the proof of injury, as in Wilkins v. Ben's Home Oil Co. supra, or when contrary to a conclusion demanded by all the evidence, as in Frederickson v. Burns Lumber Co. 163 Minn. 394, 204 N. W. 161. We have consistently held that the determination by the commission of controverted questions of fact must be sustained. The authorities are collected in Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009. We may now add: Hogan v. Twin City A. T. E. supra; Dunnigan v. Clinton Falls N. Co. 155 Minn. 286, 193 N. W. 466; Babich v. Oliver I. M. Co. supra; Maxon v. Swift & Co. supra; Anderson v. Minn. Steel Co. 160 Minn. 410, 200 N. W. 475; Klika v. Ind. School Dist. supra; Kerchansky v. Swift & Co. 160 Minn. 195, 200 N. W. 292; Higgins v. Standard Oil Co. 161 Minn. 490, 202 N. W. 26; Benson v. Marshall, 163 Minn. 309, 204 N. W. 40; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635.

Relator's claim is supported by competent medical witnesses and other evidence. It is directly met by other circumstances and experts who apparently recognize the correctness of relator's theory but say that the injuries were not serious enough to produce the result claimed. The evidence would support a finding either way. The commission has spoken and their word is final.

6. It is claimed that incompetent evidence was received and considered. We cannot consider this assignment of error because the commission is not bound by the ordinary rules of evidence. G. S. 1923, § 4313. We may say however that without this there would be sufficient evidence to support the findings. McDaniel v. Benson, supra, page 407. Exclusion of competent and material evidence would present a different question.

Affirmed.