HENDERSON, Deputy Com'r, v. JONES et al.

No. 9109.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1940.

Rehearing Denied April 19, 1940.

Toxey Hall, U. S. Atty., and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for appellant.

Luther A. Whittington and Joseph E. Brown, both of Natchez, Miss., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On January 29, 1936, Clyde Williams fell from the vessel "J. M. Jones" into the Mississippi River and was drowned. The Deputy Commissioner, after a hearing, found that Williams was an employee within the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C. and U.S.C.Supp. IV, Sec. 901, et seq. 33 U.S.C.A. § 901 et seq. A compensation order was entered in favor of the mother of the deceased employee, and the employer, J. M. Jones doing business as J. M. Jones Lumber Company at Natchez, Mississippi, filed a complaint in the District Court asking that the award be set aside. After a hearing and review of the evidence taken before the Deputy Commissioner, the District Court found that the "deceased was a member of the crew of the vessel and is not covered by the Act." The court thereupon entered its decree setting aside the compensation order and permanently enjoining its enforcement. The Deputy Commissioner has appealed.

The Deputy Commissioner found that the vessel "J. M. Jones" was used to tow barges loaded with logs from various points along the Mississippi River to the J. M. Jones Lumber Company sawmill at Natchez; that while the boat was in operation Clyde Williams worked as a "roustabout or deck hand"; that the "roustabouts and deck hands are laborers and do only the work of laborers". The record shows that the deck hands signed no articles and that they were paid at the rate of $1.50 per day "or 15 cents per hour for the actual number of hours of service rendered." The record further shows that from December 23, 1935, to January 29, 1936, the day Williams drowned, the steamer "J. M. Jones" was tied up; that during this period Williams performed no work as a roustabout or deck hand in the towing of logs; that he ate and slept at home; that he worked when needed and on all days when he "was not laid off on account of bad weather or for some other reason, being in fact laid off on several days for which he received no pay"; that when he did work he received pay as a laborer at the rate of 15 cents per hour and "only for the actual number of hours service rendered whether by day or by night."

A letter written to the Deputy Commissioner by the Master of the "J. M. Jones" stated that Williams was "employed as a deckhand when we were in operation * * *. And only worked around as extra labor while not in operation."

The record and the Deputy Commissioner's findings show that the night before Williams was drowned, he and other laborers were engaged in shoveling coal from a barge to the deck of the "J. M. Jones", and that "on the next morning, having finished unloading the coal but before the day's work was ended, Clyde Williams left the barge and went aboard the steamer 'J. M. Jones' and within a few minutes thereafter" slipped or fell from the deck into the Mississippi River.

Under the Longshoremen's and Harbor Workers' Act the findings of the Deputy Commissioner are conclusive if there is evidence to support them. The Supreme Court in a recent decision, South Chicago Coal & Dock Co., et al. v. Bassett, 60 S.Ct. 544, 548, 84 L.Ed. ——, decided February 26, 1940, held that whether an employee "was or was not 'a member of a crew' turns on questions of fact, the authority to determine such questions has

been confided by Congress to the deputy commissioner. [33 U.S.C. §§ 919(a), 921, 33 U.S.C.A. §§ 919(a), 921]."

It was the duty of the District Court to review the record made before the Deputy Commissioner to ascertain if there was evidence to support his finding. In such a review of the evidence the court may not weigh the evidence and substitute its independent findings for those of the Deputy Commissioner. We think the evidence was sufficient to support the findings of the Deputy Commissioner. "Even if it could be said that the evidence permitted conflicting inferences, we think that there was enough to sustain the deputy commissioner's ruling." South Chicago Coal & Dock Co. et al. v. Bassett, supra, affirming South Chicago Coal & Dock Co., et al. v. Bassett, 7 Cir., 104 F.2d 522.

The judgment is reversed and the cause remanded with direction to enter a judgment affirming the award of the Deputy Commissioner.

Reversed and remanded.