**FIDELITY & CASUALTY CO. OF NEW YORK et al. v. HENDERSON.**

No. 10169.

Circuit Court of Appeals, Fifth Circuit.

June 27, 1942.

Alvin R. Christovich, of New Orleans, La., for appellants.

Robert Weinstein, Asst. U. S. Atty., and Frederick J. Gisevius, Jr., both of New Orleans, La., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal is from a judgment of the District Court refusing to set aside or enjoin the enforcement of a compensation order made by the Deputy Commissioner in favor of John Nikolaus under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

At all times here material John Nikolaus was employed as an iron worker helper by the Todd-Johnson Dry Docks, Inc., at Algiers, Louisiana, and was engaged in performing services for his employer upon the navigable waters of the United States. On September 15, 1939, while passing rivets, the die from a riveting gun fell on his head causing a one-inch laceration in his scalp, which laceration had to be closed by the use of two or three silver clamps. On November 23, 1939, his scalp was lacerated when he struck his head on an overhead valve. On December 23, 1939, Nikolaus was working on a scaffold in the hold of a vessel in his employer's floating dry dock. An explosion occurred in the hold while he was on the scaffold, and he ran from the scaffold, took hold of a valve rod, and slid to the floor several feet below. When he reached the floor, he made his way to a ladder and started up it in order to get out of the hold. After he was a few feet up the ladder a second explosion occurred in the hold, and he slipped or fell back to the floor. He started up the ladder again and finally reached the deck, frightened and excited, and "pretty well shaken up". In his efforts to escape from the hold, Nikolaus sustained a laceration of his right ear, skinned his shin, and suffered traumatic neurosis and psychic trauma.

After receiving the injuries on December 23d, Nikolaus received first aid treatment and appeared to be not seriously injured. He returned to work thereafter. Mrs. Nikolaus testified that after the explosion accident her husband began to act in an unusual manner; that he would go to bed with his dirty clothes on; that at times he would undress in the yard; and that she would have to help him dress. His condition grew progressively worse, and upon examination he was found to be suffering from general paresis. Subsequently he was adjudged insane and committed to the State hospital.

A claim for compensation was filed, and hearings were held before the Deputy Commissioner on the issue of whether or not the claimaint's disability was related to the injuries received by him while working for the dry dock company. After hearing evidence as to the injuries, and the testimony and opinions of the medical witnesses, the Deputy Commissioner found as a fact that "as a result of said injuries, and the said psychic trauma, a latent, dormant, non-disabling, pre-existing syphilitic condition was activated and precipitated into an active syphilitic condition and precipitated and hastened the development of a condition of general paresis." Having found that the claimant was totally and permanently disabled as a result of the injuries received during his employment, the Deputy Commissioner entered an order for compensation at the rate of $11.45 per week. Cf. Finkelday v. Henry Heide, Inc., 193 App.Div. 338, 183 N.Y.S. 912, affirmed 230 N.Y. 598, 130 N.E. 909.

■ In a review of the findings of the Deputy Commissioner the court may not weigh the evidence and substitute its independent findings for those made by him. Under the Longshoremen's and Harbor Workers' Act, Congress has provided, and the courts have held, that the findings of the Deputy Commissioner are conclusive if there is evidence to support them. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Henderson v. Jones, 5 Cir., 110 F.2d 952.

■ On this record, which includes the original transcript of proceedings before the Deputy Commissioner, it cannot be said that there is no evidence to support the findings and award. The District Court after considering the record properly re-fused to set aside or enjoin the enforcement of the award. The judgment is affirmed.

### On Motion to Fix Attorney's Fee.

■ Frederick J. Gisevius, Jr., attorney for the claimant, was allowed a fee of $200 for legal services in connection with prosecution of the claim before the Deputy Commissioner. He has filed a motion asking that this court fix an additional fee for services rendered in connection with the review and appeal proceedings. Upon consideration of the motion, and in accordance with Section 28 of the Act, 33 U.S.C.A. § 928, the attorney for the claimant is awarded an additional fee of $150 for his services.