McTAGGART v. LOWE, Deputy Commissioner of U. S. Employees' Compensation Commission et al.

Civil Action No. 8236.

District Court, D. New Jersey.

Dec. 3, 1946.

Harry M. Fredman, of Jersey City, N. J., and Benjamin Zeche, of New York City (Benjamin Bomrind, of New York City, of counsel), for plaintiff.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., by Edward V. Ryan, Asst. U. S. Atty., of Jersey City, N. J., for the Government.

Cox & Walburg, by William H. D. Cox, all of Newark, N. J., for defendants Piership Protective Corporation and Employers' Liability Assurance Corporation.

MEANEY, District Judge.

This matter is presently before the court on defendant's motion to dismiss a bill of complaint.

The complainant is an employee, the defendants are the Deputy Commissioner of the United States Employees' Compensation Commission for the Second Compensation District, an employer, and its insurance carrier.

The bill seeks to enjoin the carrying out of an order denying compensation made by the said deputy commissioner on the ground that the order is not in accordance with law.

The defendants move to dismiss the complaint on the grounds that the complaint fails to set forth any matter cognizable by this Court, in that it fails to set forth any errors of law made by deputy Commissioner Lowe, and seeks to review a matter entirely within the discretion of defendant Lowe. Defendant's motion alleges also that in effect plaintiff seeks a trial de novo.

Following a hearing before the United States Employees' Compensation Commission, the deputy Commissioner made certain findings of fact based upon the evidence, to the effect that the complainant while in the employ of the employer above named received a certain injury to the second toe of his left foot, that as a result thereof he was unable to report to work on the following night, that he notified the employer of his inability to work, but did not ascribe his disability to the accident alleged to have occurred in the course of his employment on the preceding night, that he continued to be disabled and after a few days summoned a physician of his own selection, that the physician's suspicion that the claimant was suffering with diabetes was confirmed and claimant was admitted to a hospital. Gangrene developed and ultimately the left leg was amputated about six inches below the knee. The deputy Commissioner found further that no written or verbal notice of the injury alleged to have been received in the course of employment was given to the employer or to the deputy Commissioner within 30 days from the date of the alleged injury and that the employer did not have knowledge that the claimant's disability was due, or allegedly due, to an accidental injury and that the employer and carrier objected to the claim for lack of notice as required by section 12 of the Act, 33 U.S.C.A. § 912, at the first hearing before the deputy Commissioner. Upon the foregoing facts the claim was rejected, for the reason that notice of injury arising out of and in the course of the employment was not given to the employer as required by Section 12 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 912.

In reviewing the findings of the deputy Commissioner this court may not weigh the evidence and substitute independent findings for those made by him. Under the Longshoremen's Act, Congress has provided, and the Courts have held, that the findings of the deputy Commissioner are conclusive if there is evidence to support them. Fidelity & Casualty Co. of New York et al. v. Henderson, 5 Cir., 128 F.2d 1019; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L. Ed. 732; Henderson v. Jones, 5 Cir., 110 F.2d 952.

A review of the record, which included the transcript of proceedings before the deputy Commissioner, discloses ample evidence in support of the deputy Commissioner's findings.

Complainant contends, however, that the deputy Commissioner's refusal to excuse the failure to give notice of the injury to the employer, within the terms of section 12 of the Longshoremen's Act, 33 U.S. C.A. § 912, was not in accordance with law.

Section 12 of the Longshoremen's Act, 33 U.S.C.A. § 912, provides, in part, as follows:

"(a) Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death (1) to the deputy commissioner in the compensation district in which such injury occurred and (2) to the employer.

"(b) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf, or in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf. * * *

"(d) Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such fail-

ure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death."

From the facts as found by the deputy Commissioner, it is evident that neither the employer or the carrier had knowledge of the injury. The failure to give notice was necessarily a bar to this claim, therefore, unless the deputy Commissioner excused such failure on the ground that "some satisfactory reason" appeared why such notice could not have been given.

The exercise of the privilege of excusing a failure to comply with the requirement that notice be given is within the discretion and judgment of the deputy Commissioner. Where, as here, there is a reasonable exercise of discretion and judgment, such determination will not be disturbed by this court. Hoage v. Employers' Liability Assur. Corporation, 62 App. D.C. 77, 64 F.2d 715.

The deputy Commissioner's rejection of the instant claim was in accordance with the findings and the law. The complaint is, accordingly, dismissed.