**LINDSAY v. LAWSON, Deputy Commissioner, et al.**

No. 357–P–Civ.

United States District Court
N. D. Florida, Pensacola Division.

Nov. 15, 1950.

---

William R. Davenport, Pensacola, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., for Richard Lawson, Deputy Commissioner.

William Fisher, Jr., Pensacola, Fla., for remainder of defendants.

DE VANE, District Judge.

By this suit plaintiff seeks to have the Court review and set aside as not in accordance with law a Compensation Order entered by Deputy Commissioner, Richard P. Lawson, on March 16, 1947; pursuant to provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 33 U.S.C.A. § 901 et seq. The Deputy Commissioner rejected the claim for compensation benefits filed by plaintiff upon the ground that "Notice of injury was not given to the Deputy Commissioner or to the Employer, in writing, within thirty days after the injury."

In his Compensation Order rejecting the claim of plaintiff, Deputy Commissioner sets out fully the facts upon which the claim was rejected. He found that plaintiff was in the employ of Pensacola Supply Company, at Pensacola, Florida, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act and that the liability of the Employer for compensation under said Act was insured by the American Mutual Liability Insur-

ance Company; that on December 18, 1947 plaintiff sustained personal injury while he was employed as Longshoreman on board the S/S Viaregelo, such steamship being then afloat in Pensacola Bay at Muscogee wharf; that while so employed and while trimming coal and blocking out No. 2 hold he walked in a crouched position towards the ladder ascending from the hold and while doing so he struck his head, in the upper occipatal region, on an overhead beam and as a result of such injury sustained a laceration of the occipatal region and fracture of the lamina of the left side of the third cervical vertebra; that because of such injury he was totally disabled from December 19, 1947 to October 7, 1948, the date of the hearing and that on the latter date he was still totally disabled. Upon these findings of fact there is no question that plaintiff is entitled to compensation if he met the requirements of Section 12 of the Longshoremen's and Harbor Workers' Compensation Act, as to notice of the injury sustained by him.

Plaintiff does not contend that he gave the notice required by Section 12(a) of the Act, but that he did meet the requirements of Section 12(d) (1), or, if not, the Deputy Commissioner should excuse his failure to give notice under Section 12(d) (2). Upon this issue the Commissioner heard and weighed the testimony submitted by all parties and upon the facts before him found and held that plaintiff had failed to sustain the contentions advanced, that he met the requirements of Section 12(d) (1) and (2) and rejected the claim for compensation.

 Under the Longshoremen's and Harbor Workers' Compensation Act the findings of the Deputy Commissioner are conclusive if there is evidence to support them. South Chicago Coal & Dock Co. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Norton, Deputy Commissioner v. Warner Company, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430; Henderson, Deputy Commissioner v. Jones, 5 Cir., 110 F.2d 952; Fidelity and Casualty Company of New York v. Henderson, Deputy Commissioner, 5 Cir., 128 F.2d 1019.

The above cited cases hold that Judicial review conferred upon the Courts by the Act does not give authority to the Courts to set aside awards because they are deemed to be against the weight of the evidence. More is required. The error must be one of law, such as a misconstruction of a term of the Act. The plaintiff does not allege a misconstruction of a term of the Act, but does contend, vigorously, that the Order of the Deputy Commissioner is against the weight of the evidence and there is much in the record to support this contention. However, there is evidence in the record that supports findings of the Deputy Commissioner. Therefore, this Court is without authority to disturb the Order of the Deputy Commissioner entered herein.

An appropriate judgment, in conformity with this Memorandum Decision, will be entered in this case.