# MERLE B. KRUEGER v. KING MIDAS MILLING COMPANY AND ANOTHER.[1]

November 19, 1926.

No. 25,394.

**Finding sustained that hernia had been cured by operation and accident was not cause of subsequent hernia.**

Under the rule governing this court in reviewing proceedings before the Industrial Commission, findings on questions of fact will not be disturbed unless consideration of the evidence and the inference permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. The application of the rule leads to the affirmance of an order based on a finding that a hernia caused by an accidental injury to a workman had been cured by operative treatment, and that the injury was not the cause of a hernia that developed thereafter.

Workmen's Compensation Act,—C. J. p. 122 n. 39, 40; p. 123 n. 41, 44; p. 127 n. 47.

See notes in L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581.

Certiorari to review the order of the Industrial Commission denying compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*C. S. Lowell,* for relator.

*Snyder, Gale & Richards,* for respondents.

LEES, C.

On February 18, 1924, in the course of his employment by the King Midas Milling Company, Fred Krueger slipped on a wet floor, while handling a truck load of sacks, and sustained a double inguinal hernia. On March 4, 1924, he underwent an operation to reduce the hernia. The milling company's insurer paid compensation until June

[1] Reported in 210 N. W. 871.

6, 1924, when pursuant to notice the weekly payments were discontinued on the ground that there had been a complete recovery from the effects of the accident. Krueger objected and the Industrial Commission ordered that the matter be heard before a referee. The referee found that on June 6th Krueger had fully recovered, and approved the discontinuance of the payment of indemnity. On appeal to the Industrial Commission, the findings and order of the referee were sustained. In January, 1925, Krueger applied for the vacation of the order and for a rehearing. The application was granted and a second hearing had before a referee on May 1, 1925. The referee found that the hernia caused by the accidental injury had been cured by the operation and had ceased to disable Krueger on or before June 6, 1924. He also found that on January 17, 1925, Krueger had a double inguinal hernia, but that it was not a result of the injury. The commission adopted the findings and denied compensation subsequent to June 6th. Krueger died July 15, 1925, and on the application of his administratrix this court issued a writ of certiorari directed to the Industrial Commission to review its decision.

The relator contends that the findings are wholly unsupported by the evidence; that it appears conclusively that the primary cause of the hernia which the physicians found in January, 1925, was the injury suffered in February, 1924, and that a consideration of all the evidence, together with all permissible inferences therefrom, necessarily leads reasonable minds to this conclusion.

The rule governing this court in reviewing the findings of the Industrial Commission is well settled. The cases are collected in Dun. Dig. 1921 Supp. § 5854z, and Walker v. Minn. Steel Co. 167 Minn. 475, 209 N. W. 635, where the rule is concisely stated. In effect it is this: A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived.

Tested by this rule, the relator's contention cannot be sustained. There was evidence tending to show that in the spring of 1923 Krueger appeared to be anemic; that about five weeks after the

operation and his discharge from the hospital his physician sent him back because he showed symptoms of pernicious anemia; that the symptoms gradually became more pronounced; that the precise cause of pernicious anemia is not known to the medical profession although a number of theories have been advanced; that a traumatic injury is not recognized as a possible cause and neither is hernia, but that the weakening of the bodily tissues which is incident to anemia may be followed by a hernia; that the operative treatment effected a cure of the hernia caused by the injury, and that the hernia found later was not due to the injury. Opposed to this, there was evidence showing clearly enough that after he was injured, Krueger never regained his former state of health or strength and that he never was able to do any work thereafter. Evidence that the operation did not effect a cure of the hernia, and that anemia did not make its appearance until after the operation was also produced in support of the claim. This is the evidence upon which relator bases the contention that the injury was the immediate or exciting cause of Krueger's continued occupational disability and that no other cause therefor was shown. In these circumstances it is argued that the commission was required to find that the disability which resulted from the injury did not cease on June 6, 1924, but continued to the date of the second hearing.

When the evidence is considered as a whole, this view cannot be adopted. There was an issue of fact upon which findings might have been made in harmony with the relator's contention, but a contrary finding was also warranted and this being true the decision and order of the commission must be affirmed.