## ANGELA BOTTIANI AND OTHERS v. OLIVER IRON MINING COMPANY.[1]

May 27, 1927.

No. 26,078.

**Finding of industrial commission sustained.**
> The evidence sustains the finding of the industrial commission that the death of the deceased from abscess of the brain was not caused by an injury occurring 20 months prior thereto.

Workmen's Compensation Acts—C. J. p. 115 n. 37.

Certiorari to review an order of the industrial commission denying compensation under the workmen's compensation act. Affirmed.

*Jerry A. Harri,* for relator.

*Dennis F. Donovan,* for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission denying compensation to the dependents of Vincent Bottiani, deceased.

Bottiani was employed in an underground mine operated by the defendant at Ely. On August 12, 1924, he was injured under circumstances entitling him to compensation under the workmen's compensation act. He was paid to March 31, 1926. He died on April 24, 1926. The question is whether his death was the result of his injury. The commission found that it was not.

The decedent sustained two fractures of the right pubic bone; a fracture of the right humerus; a contusion and abrasion in the right groin; a lacerated wound 1¼ inches long on the right side of his neck; a 1¼-inch scalp wound in the occipital region; and an abrasion of the nose. His injuries were severe, and serious. He did not make a quick recovery. In October, 1925, a second operation was had on the humerus because of the failure of union of the bone. In June, 1925, there was an operation for nasal polyps. The cause of death was given in the findings at the autopsy as follows:

[1]Reported in 214 N. W. 57.

"Cause of death: Abscess frontal lobe right cerebral hemisphere, secondary to septic frontal sinusitis. Contributory: Septic meningitis."

There is no question but that abscess of the brain was the immediate cause of death. There was an opening from the frontal sinus into the cranial cavity. The testimony of the wife of the decedent was that he never had been sick and never had had trouble with his nose. The testimony of one of the attending physicians is that the trouble with his nose was persistent and that difficulty was met in stopping bleeding. The medical testimony is such as to justify a conclusion, adopted by some of the experts, that there was a chronic sinus infection, perhaps antedating the injury. And there is medical testimony that the presence of nasal polyps is indicative of sinus infection.

The commission, in declining to find a causal connection between the injury and death, may have concluded, with sufficient evidence in support, that the abscess was the result of a sinus infection with which the injury had nothing to do as a direct or contributing cause. There is nothing suggesting, or at least requiring a finding, that the abrasion of the nose had a causal connection with the sinus infection. The infection may have come from one of several causes. There is nothing requiring a finding that the accident contributed to the infection, or that a weakened or debilitated condition of the decedent as a result of the accident rendered him subject to a nasal infection, or that the second operation in October, 1925, was accompanied with an infection of the blood stream manifesting itself in the sinus infection and subsequent brain abscess. It is favorable enough to the dependents to say that it might have been found that there was a causal connection between the accident and death within the principle applied in Unkovich v. Inter State Iron Co. 169 Minn. 491, 211 N. W. 683, and stated in Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635, but held not controlling because of an adverse finding on the facts. The finding of the commission is sustained by the evidence. A finding for the dependents would perhaps be sustained, but there can be no criticism of the result reached.

Order affirmed.