## MARGARET DEBELTZ v. OLIVER IRON MINING COMPANY.[1]

November 10, 1927.

No. 26,272.

**Infection causing death did not result from injury received by miner in his employment.**

The finding that the infection which caused the death of the employe did not result from an injury received in the course of his employment is sustained by the evidence.

Workmen's Compensation Acts—C. J. p. 115 n. 32; p. 122 n. 40.

Certiorari to review an order of the industrial commission denying compensation to relator for the death of her husband, John Debeltz. Affirmed.

*Jerry A. Harri* and *M. E. Louisell,* for relator.
*Dennis F. Donovan,* for respondent.

TAYLOR, C.

Certiorari to review the order of the industrial commission denying the petition of the relator for compensation for the death of her husband, John Debeltz.

John Debeltz was employed as a miner in one of defendant's mines. On January 27, 1926, while holding a drill a lump of ore

[1]Reported in 216 N. W. 240.

fell striking the tip of the thumb of his right hand and bruising it so that the nail or a part of it subsequently came off. He continued at work until May. He quit May 13, 1926, on account of illness, and a medical examination at that time disclosed a swelling in the right axilla. He died June 16, 1926. The cause of death is given as pyemia. Abscesses developed in the right axilla, the left forearm and wrist, and in the calves of both legs.

The question for determination by the industrial commission was whether the infection which was discovered in May and caused the death of Mr. Debeltz in June was attributable to the injury to his thumb sustained in the preceding January. The referee who conducted the hearing found, in effect, that it was not, and on appeal the commission approved and adopted the findings of the referee. We find ample evidence to sustain this finding, and therefore it must stand. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Bottiani v. Oliver I. M. Co. 171 Minn. 382, 214 N. W. 57.

The relator assigns as error several rulings of the referee admitting or excluding testimony. In proceedings under the compensation law the commission and its referees are not subject to the rules of evidence which govern proceedings in court, and are merely required to conduct the hearings "in such manner as to ascertain the substantial rights of the parties." G. S. 1923, § 4313. The relator was permitted to show without restriction all the facts going to the merits of her claim. The assignments raise no question which can be considered, for the relator was deprived of no substantial right, and the rulings were within the discretion of the referee even if he were subject to the rules governing courts.

As the finding, that no compensable disability resulted from the injury to the thumb, is decisive of the case, the order must be and is affirmed.