## JESSIE SMITH v. MASON BROTHERS COMPANY AND ANOTHER.[1]

March 9, 1928.

No. 26,554.

**Death of employe, hastened by aggravation of existing infirmity, caused by accident, is compensable.**

1. Death hastened by and due to an aggravation of an existing infirmity by the use of a general anaesthetic, in performing an operation made necessary by reason of an accident occurring in the course of employment, is compensable.

**Where diverse inferences may be drawn from the evidence, conclusions of industrial commission should stand.**

2. The findings of the commission must prevail unless they are clearly and manifestly contrary to the evidence. The commission is the trier of fact, and where there is a choice between conflicting evidence or diverse inferences may be drawn from the evidence, its conclusions should stand.

Workmen's Compensation Acts—C. J. p. 70 n. 54; p. 123 n. 41.

---

See note in L. R. A. 1917D, 110, 129; 28 R. C. L. 816; 4 R. C. L. Supp. 1865; 5 R. C. L. Supp. 1576.
See note in L. R. A. 1916A, 270; L. R. A. 1917D, 189; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581; 6 R. C. L. Supp. 1766.

Certiorari upon the relation of the defendant employer and its insurer, Fidelity & Casualty Company of New York, to review an order of the industrial commission awarding compensation to plaintiff for the death of her husband, Henry L. Smith. Affirmed.

*Briggs, Weyl & Briggs,* for relators.
*Mark & Barron,* for respondent.

HILTON, J.

Certiorari to review an order of the industrial commission awarding compensation for the death of Henry L. Smith.

---

[1]Reported in 218 N. W. 243.

Deceased had for three years been in the employ of Mason Brothers Company, wholesale grocers at Wadena. He operated a company truck from which he sold and delivered for cash his employer's merchandise in the surrounding territory. Smith died on August 18, 1926, from a heart and kidney condition, aggravated by an accident occurring on April 15, 1926, and likewise due to efforts made to relieve and cure the result of the accident. Plaintiff, the mother of three minor children by a former marriage, his widow and dependent, was awarded compensation by the referee, and the award was approved by the industrial commission.

Smith was 52 years of age. He had a hernia, which however did not contribute as a cause of his death. On April 15, 1926, while in the course of his employment, the truck driven by him went into a ditch and turned over on the driver's side. He was struck a severe blow in the abdomen by the steering wheel, and suffered pain and distress therefrom to such an extent that he could not continue to drive the truck. At his request the employer sent a man to do the driving, and for a few days Smith continued his work with someone else driving the truck. He complained and showed evidence all of that time of pain and suffering.

While at Park Rapids, on one of these trips, he consulted a physician who diagnosed his case as acute appendicitis but would not operate because of the condition of Smith's heart and kidneys. A few days later at Wadena he consulted his own physician who made a like diagnosis and determined to operate on him with a local anaesthetic. This operation took place on April 21, 1926. When the incision was made in the abdomen the physician found a "big gangrenous mass" which necessitated the giving of a general anaesthetic. An exploration of this mass showed it to be a portion of the omentum. It had become twisted until the blood circulation had been entirely cut off. The doctor testified that this condition could not have existed prior to the accident. The mass and the appendix were removed. The appendix was small and somewhat kinked, a chronic and not an acute condition. It showed some evidence of trouble, probably several years prior. The appendix had nothing to do with the torsion of the omentum. Smith made a very

good convalescence until the seventh day after the operation when, because of a hard fit of coughing, his wound broke open. It was stitched up and a fairly good convalescence followed.

Smith and his wife motored to Minneapolis in June, the car being driven practically all of the time by his wife. A slight collision occurred while Smith was driving the car in that city, but he was not frightened or excited and suffered no physical injuries. There was no injurious change in the condition of his health therefrom.

1. Smith had worked continuously for the three years prior to the accident, excepting three weeks in July, 1925, when he had his tonsils and teeth removed. He never worked a day after the operation on April 21, 1926. The attending and operating doctor testified that the blow in the abdomen caused the condition which necessitated the operation; that the general anaesthetic, necessarily used in the operation, aggravated Smith's heart and kidney ailments and hastened his death. An aggravation of an existing infirmity, caused by an accident occurring in the course of employment, is compensable. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635.

2. There is but little dispute in the evidence, although the opinions advanced by the opposing physicians were not in accord. The findings of the commission must prevail unless they are clearly and manifestly contrary to the evidence. Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009. The commission is the trier of fact, and where there is a choice between conflicting evidence or diverse inferences may be drawn from the evidence, its conclusions should stand. Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678; State ex rel. Niessen v. District Court, 142 Minn. 335, 338, 172 N. W. 133.

An attorney's fee of $100 is allowed to plaintiff.

Order affirmed.