## GLADYS CONWAY v. SWIFT & COMPANY.[1]

June 22, 1928.

No. 26,829.

**Award for death of defendant's employe as the result of accident sustained.**
An employe of the defendant received a blow or was subjected to pressure in the region of the heart and underwent a severe strain. From then on he had trouble until his death six months later and a greater part of the time was in the hospital. His death was caused by heart trouble. The industrial commission found that his death was the result of accident. The evidence sustains the finding.

Workmen's Compensation Acts—C. J. p. 115 n. 37.

See note in 19 A. L. R. 110; 28 A. L. R. 204; 4 R. C. L. Supp. 1865.

Certiorari upon the relation of the defendant to review an order of the industrial commission awarding compensation for the death of plaintiff's husband. Affirmed.

*Morton Barrows,* for relator.

*Norbert L. Wilson,* for respondent.

DIBELL, J.

Certiorari on the relation of the defendant, Swift & Company, to review the order of the industrial commission awarding compensation to the plaintiff, Gladys Conway, for the death of her husband, Leon Conway, an employe of the defendant.

On November 9, 1925, while working for the defendant in the stockyards at South St. Paul, Conway was chased by an animal and in attempting to escape was caught between a heavy gate and the side of a stockpen, underwent a strain, and received such a blow or was subjected to such a pressure as to break a watch which he carried in his shirt pocket over his left breast. The break was not merely of the crystal. The case was bent so that the works were broken and spoiled. The strain was severe. He sat down for a

[1]Reported in 219 N. W. 944.

while, but after an hour continued his work for the day. When he went home he was pale and was panting and had difficulty in breathing. There was unusual beating of the heart, which continued. Two or three days later he saw the company doctor, who found trouble with his heart. He did light work until December 24, 1925, when he went to a hospital, stayed there until March 17, 1926, was then discharged, remaining under the care of a physician, returned on May 13, and died on May 23. The autopsy showed an enlarged heart and his death resulted from heart trouble.

The commission found that the accident was the cause of his death. Most of the medical testimony favored the defendant. The finding of the commission is sustained. The only question is one of causal connection. Proof of causal connection must be more than mere conjecture. It need not amount to a demonstration. We find no difficulty in sustaining the finding of the commission. The succession of events from the time of the injury to the death affords the basis of a reasonable inference. A preponderance of medical testimony does not prevent a trier of fact from reaching a conclusion at variance with the expressed medical view. Proof sufficient to satisfy a scientific medical test is not required. We do not find it necessary to discuss the many cases where we have found the evidence sufficient to sustain and sometimes to require a finding of cause and effect. See 6 Dunnell, Minn. Dig. (2 ed.) § 10406.

Order affirmed.