## M. D. HAWORTH v. UNITED PRESBYTERIAN CHURCH OF KERRICK AND ANOTHER.[1]

November 23, 1928.

No. 26,958.

**Finding sustained that hernia was not caused by accident arising out of or in course of employment.**

The finding of the industrial commission that the hernial condition which required the employe to undergo an operation was not caused or aggravated by any accident arising out of or in the course of his employment is not manifestly contrary to the evidence.

Workmen's Compensation Acts—C. J. § 114 p. 115 n. 37.

Certiorari to review an order of the industrial commission denying compensation to M. D. Haworth for injuries received while in the employ of defendant church. Affirmed.

*C. E. Warner* and *N. L. Wilson,* for relator.

*G. P. Mahoney,* for respondent church and United States Casualty Company, its insurer.

HOLT, J.

Certiorari to review a decision of the industrial commission denying an employe compensation claimed under the workmen's compensation act.

The employe, about the end of the work day, carried a bundle of shingles up a ladder and in attempting to place the bundle on the scaffold upon which the shinglers were to stand was forced to twist or wrench his body in order to get it thereon. He claims he felt a stinging pain in the groin. However he kept on shingling for some 15 minutes but quit a little before quitting time. When he tried to eat supper he felt nauseated. He had intermittent pains during the night. In the morning he discovered that hernia had developed. He felt sick, could not eat breakfast, and went back to bed. In the afternoon he was taken to the hospital and was operated upon for

[1]Reported in 221 N. W. 905.

hernia the next morning. The employe was 67 years old and a carpenter. About 35 years previous to this occurrence he discovered rupture in the same groin and thereupon wore a truss for seven years, after which the hernia disappeared, and thereafter he did his work without any inconvenience or indication of any symptoms of recurring trouble in that groin. The operation disclosed a fibrous growth which had closed the sac of the old femoral hernia except a little opening the size of a pencil, the upper part of which had been twisted so as to shut off the circulation of the blood, causing gangrene to set in. The surgeon said it might have existed as long as four days previous to the operation. But he expressed the opinion that the twist of the body in the effort to place the bundle of shingles upon the platform doubled up or twisted the little sac. The defendant insurance company had procured an affidavit from the employe soon after the operation, containing these statements among others:

"When I got out of bed and went to dress on the morning of August 30, 1927, in the Hotel Planter at 6 a. m., I felt something hurting me in my right groin. * * * I could not say anything unusual happened that I know of. I did not fall or slip or strike myself in any way that I can remember of during the time I was working for this church. I don't remember having any trouble with my groin prior to August 30, 1927. * * * I would blame the occurrence of this hernia to carrying the shingles up the ladder on the evening of August 29, 1927. I would think this is what brought it on, but I don't remember that anything unusual happened."

The industrial commission found that the hernial condition revealed on the first of September, 1927, when the employe was operated upon, "was not caused or aggravated by any accident, act, or circumstance arising out of and in the course of the said employment, but was the result of the natural recurring development of an existing hernial condition." Unless it can be said that this finding is unsupported or manifestly contrary to the evidence, it must stand and is decisive against the employe. This is so, even though we should be of the opinion that the weight of the evidence calls for

a contrary finding. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635, and decisions therein cited. From the statements in the employe's affidavit, and from the opinion of the surgeon who operated, that the twist in the sac which caused the gangrenous condition could have happened as long before the operation as four days, we cannot say that the inference is not permissible that no accidental injury happened to the employe at the time he carried the bundle of shingles up the ladder. The burden was upon the employe to show that the injury for which compensation is claimed was caused by some accident experienced in the course of and arising from the employment. There was no claim that it took place except in the attempt to place this bundle of shingles upon the scaffold.

The decision is affirmed.