EMILY JONES v. EXCELSIOR LAUNDRY COMPANY AND ANOTHER.[1]

June 19, 1931.

No. 28,410.

*Michael S. Bright* and *Nelson & Cedergren,* for relator.

*Warner E. Whipple* and *George W. Atmore, Jr.* for respondent employer and Casualty Reciprocal Exchange, its insurer.

WILSON, C. J.

Certiorari to review the decision of the industrial commission denying Emily Jones, the relator, compensation for the death of her husband, James Jones, an employe of the Excelsior Laundry Company, who died August 9, 1928. The cause of death was a tumor of the brain termed in the record a glioma. The claim is

[1]Reported in 237 N. W. 419.

that his death resulted from an injury received in the course of his employment on, the last Sunday in May, 1928.

The commission assumed, without deciding, that the deceased was injured as claimed, but decided by a vote of two to one that such assumed injury did not cause the glioma or the death therefrom, and that it did not hasten the death by aggravating or inciting the glioma. The claim was that an injury to the head had produced the glioma, or, if not, it aggravated an existing glioma, which hastened the death.

The commission therefore determined the controlling fact against the relator and in favor of the employer. The record would have sustained a finding either way. We have repeatedly stated that the determination by the commission of controverted questions of fact must be sustained. We have at times said that the finding must stand unless it is manifestly contrary to the evidence. We are of the opinion however that the rule has been more aptly and modernly stated in this way: A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. Krueger v. King Midas Mill. Co. 169 Minn. 153, 210 N. W. 871; Gaetz v. City of Melrose, 155 Minn. 330, 193 N. W. 691; State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311.

Our authorities upholding the general principle involved in this rule were collated in Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635. We may now add thereto: Krueger v. King Midas Mill. Co. 169 Minn. 153, 210 N. W. 871; Gabler v. Township of Bertha, 169 Minn. 413, 211 N. W. 477; Brokmeier v. Lamb, 170 Minn. 143, 212 N. W. 187; Bartkey v. Sanitary Farm Dairies, 170 Minn. 159, 212 N. W. 175; Ott v. Standard Cattle Co. 170 Minn. 410, 212 N. W. 813; Tometz v. Biwabik Min. Co. 171 Minn. 302, 213 N. W. 897; Bottiani v. Oliver I. Min. Co. 171 Minn. 382, 214 N. W. 57; Kallgren v. C. W. Lundquist Co. 172 Minn. 489, 216 N. W. 241; Domich v. Oliver I. Min. Co. 172 Minn. 521, 216 N. W. 227; Debeltz

v. Oliver I. Min. Co. 172 Minn. 549, 216 N. W. 240; Smith v. Mason Brothers Co. 174 Minn. 94, 218 N. W. 243; Reardon v. City of Austin, 174 Minn. 359, 219 N. W. 292; Engsell v. Northern Motor Co. 174 Minn. 362, 219 N. W. 293; Johnson v. Iverson, 175 Minn. 319, 221 N. W. 65, 222 N. W. 508; Haworth v. United Presbyterian Church, 175 Minn. 553, 221 N. W. 905; Blair v. Village of Coleraine, 177 Minn. 376, 225 N. W. 284; Hertz v. Watab Paper Co. 180 Minn. 177, 230 N. W. 481; Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342; Olson v. Robert St. Realty Co. 181 Minn. 398, 232 N. W. 716; Fort v. Mahnomen Min. Co. 181 Minn. 546, 233 N. W. 245.

Affirmed.