KARL CHESLER v. CITY OF MINNEAPOLIS.[1]

March 18, 1932.

No. 28,828.

 

*Mead & Bryngelson,* for relator.

*Neil M. Cronin,* City Attorney, and *John T. O'Donnell,* Assistant City Attorney, for respondent.

PER CURIAM.

Writ of certiorari to review a decision of the industrial commission.

September 10, 1930, the relator sustained a compensable injury while in the employ of the respondent. For some years he had been afflicted with hypertrophic arthritis, which affected a considerable part of his spine. The injury which he received September 10, 1930, disturbed and aggravated the arthritis, and the commission awarded him compensation until March 5, 1931. Relator is still suffering from disability due to the arthritis, and in the controversy before the commission the relator contended that the present disability is due to the traumatic aggravation of the arthritis. The respondent contended that the present disability is due entirely to the progress of the hypertrophic arthritis and is in no way a result of the aggravation of that disease due to the accident.

[1]Reported in 242 N. W. 2.

Much medical talent appeared in support of both theories, and a careful reading of the record shows that whether or not the present condition is in any way due to the accident was a question of fact for the commission to determine. The commission's decision that disability due thereto terminated on March 5, 1931, is supported by competent medical opinion, based upon examination, tests, and X-ray pictures. It would seem unnecessary for this court again to announce that the commission's findings upon questions of fact will not be disturbed when supported by competent evidence. Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419; Brehm v. Liebenberg & Kaplan, 174 Minn. 376, 219 N. W. 292; Krueger v. King Midas Mill. Co. 169 Minn. 153, 210 N. W. 871; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635.

The relator contends with much earnestness that the action of this court in reversing the commission in the hernia cases should be followed here. In those cases there was a denial of compensation by the commission. Here it was allowed, but discontinued upon a substantial showing that the disability caused by the accident had terminated.

The writ of certiorari is discharged, and the decision of the commission is affirmed.