LEO J. ZITZMAN v. ANTON P. MACHT AND ANOTHER.[1]

November 4, 1932.

No. 29,123.

*Merriam & Wright,* for relators.
*Erickson & Graff,* for respondent.

HILTON, J.

Certiorari by employer and his insurer to review the decision of the industrial commission awarding respondent 15 weeks' compensation for temporary total disability at $18 per week in addition to the 20 weeks' compensation theretofore paid by the insurer.

Respondent was injured by a cave-in while excavating for a basement. His claimed injuries were a fractured left clavicle, three fractured ribs, nerve injury in right arm causing a wrist drop, and an injury to the back. The clavicle injury was satisfactorily healed,

[1]Reported in 245 N. W. 29.

as was also the injury to the right arm and wrist; disability therefrom had ceased when payment of compensation was stopped. There is dispute relative to the condition of the ribs. Respondent's claim relative to injury to the sacroiliac joint was not satisfactorily established.

The evidence shows that he had, right along after the injury, complained of severe pain and soreness in the back, and the doctors found there was such. Whether or not that condition resulted in part from a fracture of the transverse process of the fourth lumbar vertebrae is not important here. Enough to say, the referee and the commission could properly find from the evidence that the back condition (muscular or otherwise) was the result of the accident and existent during the time for which additional compensation was allowed. Respondent's attempts to work from time to time were futile because of the back condition. The evidence of the expert witnesses for the parties here was in some respects seriously in conflict. A fuller recital of the facts is not necessary.

The fact issues were for the commission's determination; its conclusions were certainly not clearly and manifestly contrary to the evidence. In this situation, under the familiar rule adopted and consistently followed by this court, the decision of the commission should stand. The rule is that unless a consideration of the evidence and inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived, a finding by the commission upon a question of fact cannot be disturbed. Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419, and cases cited; Chesler v. City of Minneapolis, 185 Minn. 532, 242 N. W. 2; Farley v. Nelson, Mullen & Nelson, Inc. 184 Minn. 277, 238 N. W. 485; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10426, and cases cited.

Respondent is allowed $50 as attorneys' fees in this court.

Affirmed.