# PANSY M. GRINA v. STENERSON BROTHERS LUMBER COMPANY AND ANOTHER.[1]

May 19, 1933.

No. 29,410.

*P. F. Schroeder,* for relator.

*Orr, Stark, Kidder & Freeman,* for employer and Employers Mutual Liability Insurance Company, its insurer, respondents.

*LORING, Justice.*

This case comes here upon a writ of certiorari to review the decision of the industrial commission refusing compensation to the widow and minor dependents of Lars I. Grina, an employe of the Stenerson Brothers Lumber Company.

For many years prior to and at the time of his death Grina was in the employ of the Stenerson Brothers Lumber Company, whose principal office was located at Moorhead in this state. It had eight branch or local lumber yards at other points in the state. Grina was secretary, treasurer, and general manager, and it was a part of his duties to visit its various lumber yards for purposes connected with its business. The evidence shows that on the morning of his death he was planning to visit the yard at Averill, probably

[1]Reported in 248 N. W. 732.

for the purpose of assisting in taking an inventory. He had made an engagement on the evening before to pick up a friend at the Comstock Hotel in Moorhead and take him to Averill. He was to do this between eight and nine o'clock on the morning of his death. His wife was not permitted to testify as to any conversation with him on the morning in question; but he went out to the garage and in the preparation for the trip started the motor of his car and was asphyxiated by the carbon monoxide gas thereby generated. It appears that, while the company owned an automobile which it kept in the garage at Mr. Grina's residence, it was frequently in use by other employes of the company in connection with its business, and when so in use it was customary for Grina to use his own car and be reimbursed for gas and oil. One of the cylinders in Grina's car had been missing on the previous day when in use by another member of the family, and at the time that he was overcome by gas it is probable that he was engaged in endeavoring to bring in the missing cylinder. He was found lying in the garage next to the door, the motor of his car still running, the hood unfastened, and tools lying on the running board of the car. He died a few hours later without regaining consciousness.

The industrial commission found that his death was accidental but that it did not occur in the course of his employment. With this conclusion we cannot agree. In our opinion the evidence is conclusive that it did so occur. We think the case comes within the decision of this court in Manley v. Harvey Lbr. Co. 175 Minn. 489, 221 N. W. 913. In that case Manley had prepared to and had announced his intention of going into the country to collect bills for the Harvey Lumber Company. He went to the garage to get his car for the purpose of going to the filling station for gas and oil and about two hours later was found lying on his back on the floor behind the automobile with his head on an inflated spare tire. The engine of the car was running, and there were four fully inflated tires on the wheels of the car. A pair of pliers was in his hand, and close by were tools commonly used in changing tires. There, as here, both the referee and the commission found that the

death was accidental but did not arise out of or in the course of Manley's employment. This court held that such a conclusion was manifestly contrary to the evidence and could not stand. In the case at bar the preparation of the car for the trip was certainly as much within the course of Grina's employment as was the placing of the spare tire on the car in the Manley case, 175 Minn. 489, 221 N. W. 913. We conclude as a matter of law that Grina's death arose out of and in the course of his employment.

The decision of the industrial commission is reversed with directions to award compensation in accordance with the statute, and the relator is allowed $100 as attorney's fees over and above the costs and disbursements provided by law.

*STONE, Justice* (dissenting).

It seems to me that there is at least room for reasonable difference of opinion. If so, the decision of the commission should stand.