C. L. JENSVOLD v. KUNZ OIL COMPANY AND ANOTHER.[1]

No. 29,539.

November 3, 1933.

*DeReu & Begin* and *Daly & Barnard,* for relator.

*Lynn B. Carroll,* for Kunz Oil Company, employer, and Central West Casualty Company, its insurer, respondents.

[1]Reported in 250 N. W. 815.

*STONE, Justice.*

Certiorari to the industrial commission to review an order denying compensation. The commission held that relator's injury did not arise out of or in the course of his employment. The only question here is whether that decision is wrong as matter of law.

For some time before May 7, 1932, relator was employed by the Kunz Oil Company as a sales agent. He was to give his employer the use of his automobile, which, impliedly at least, he agreed to keep in repair but which was used as needed for his own purposes and those of his family. While driving one day in the course of his employment a defect developed in the braking mechanism. He got home late in the afternoon and soon went about the repair and adjustment of the brakes. While doing so he observed a loose burr on the oil pan. In tightening it he received an injury to his eye so serious that loss of sight resulted. It was Saturday, and there is no suggestion that he had more work to do for his employer that day or any on the following Sabbath.

Relator relies on Manley v. Harvey Lbr. Co. 175 Minn. 489, 221 N. W. 913, and Grina v. Stenerson Brothers Lbr. Co. 189 Minn. 149, 248 N. W. 732. In each case on facts similar, but not identical, with those at bar we reversed orders denying compensation. In the Manley case the circumstances were such that it was considered that the employe had, with his automobile, embarked for the day upon his employer's business when he met with his fatal accident. That decision was held to rule the Grina case, where again it was considered that no inference was reasonable other than that the preparation of the car in the course of which the accident occurred was directly for a trip within the course of Grina's employment. That feature, present in both the Grina and Manley cases, is absent here; at least that inference is reasonably drawn from the facts.

The burden of proof was on relator. Apparently the industrial commission's conclusion was that relator had failed to show that the work upon which he was engaged when injured was in the course of his master's business rather than in the preparation of the car for his personal use or that of his family. Our function is not to say whether on the facts the decision of the industrial commis-

sion is correct or even preferable to another, but rather, and only, to ascertain whether it has sufficient basis of inference reasonably to be drawn from the facts. Unless we can say that there is no such basis (Green v. County of Chippewa, 189 Minn. 627, 250 N. W. 679) a reversal would be a transgression of our proper function of review as distinguished from that of initial decision of determinative fact issues.

Order affirmed.

UPON APPLICATION FOR REARGUMENT.

On November 17, 1933, the following opinion was filed:

*STONE, Justice.*

Relator's petition for rehearing is denied. Its criticism is that there is no ground for the implication indulged, favorably to relator, that he "agreed to keep in repair" his own automobile while used in his employer's business. The criticism is well founded in that the conclusion challenged does not rest on implication. Relator himself testified that he did "have to keep it [his automobile] in repair."

The other criticism is that we "imply" erroneously that relator was through with his day's work. We but noted the absence of evidence, relator having the burden of proof, "that he had more work to do for his employer that day or any on the following Sabbath." This point also is beyond implication, relator himself having testified that for "that day" he "had finished work * * * and came home."