## HAZEL PEARL JOHNSON v. NASH-FINCH COMPANY AND ANOTHER.[1]

June 26, 1936.

No. 30,935.

See 196 Minn. 509, 265 N. W. 350.

*W. E. Rowe*, for relator.

*C. E. Warner*, for respondent-insurer, American Mutual Liability Insurance Company.

I. M. OLSEN, JUSTICE.

*Certiorari* to review an order and decision of the industrial commission denying compensation to the widow and children of Fred W. Johnson, an employe of Nash-Finch Company, a corporation. Fred W. Johnson was killed in an automobile accident on a public highway between Middle River and Strathcona, in this state, about 12:30 o'clock in the morning of July 17, 1934.

The evidence was heard before a referee of the commission. The referee found that the accident which caused the death of Fred W. Johnson arose out of and in the course of his employment by the Nash-Finch Company, and awarded compensation. On appeal to the industrial commission, the commission, on the evidence taken before the referee, by unanimous decision, vacated and set aside the finding of the referee above set forth and in place thereof found:

[1] Reported in 268 N. W. 1.

"That on said date said employe suffered an accidental injury to his person resulting in death on said date, and that said accident did not arise out of and in the course of his employment."

The commission thereupon decided and determined that the petitioner, the widow of Fred W. Johnson, was not entitled to compensation for herself and her two minor children from the employer, Nash-Finch Company, and its insurer. The commission accordingly disallowed the petition filed by the widow.

The question here for review is whether there is evidence reasonably sufficient to sustain the finding of the commission that the accident which caused the death of Fred W. Johnson did not arise out of and in the course of his employment. The rule here followed in reviewing issues of fact decided by the commission is well settled. It has been stated in our late cases, in terms slightly differing in wording, as follows:

"Our rule is that the court will not disturb a finding of the commission upon a question of fact when from the evidence and the inferences which may be legitimately drawn therefrom reasonable minds can draw a conclusion in harmony with that of the commission." Brameld v. Albert Dickinson Co. 186 Minn. 89, 92, 242 N. W. 465, 466.

"A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly requires reasonable minds to adopt a conclusion contrary to the one at which the commission arrived." Jones v. Excelsior Laundry Co. 183 Minn. 531, 532, 237 N. W. 419.

See also Palumbo v. City of St. Paul, 187 Minn. 508, 511, 246 N. W. 36, 37; Tevik v. Lahti Brothers, 182 Minn. 268, 234 N. W. 320; Klugman v. Central Hanover B. & T. Co. 183 Minn. 541, 237 N. W. 420; Larson v. A. Guthrie & Co. Inc. 184 Minn. 33, 237 N. W. 606; Farley v. Nelson, Mullen & Nelson, Inc. 184 Minn. 277, 238 N. W. 485; Chesler v. City of Minneapolis, 185 Minn. 532, 242 N. W. 2; Jensvold v. Kunz Oil Co. 190 Minn. 41, 250 N. W. 815.

The facts surrounding and connected with the accident in question are stated in the opinion in the case of Vogel v. Nash-Finch

Co. in 196 Minn. 509, 265 N. W. 350, 352, recently decided. No further statement of facts is now deemed necessary. That was an action, based on negligence, to recover for the death of Vogel, the driver of the car which collided with the car driven by Fred W. Johnson. The jury had returned a verdict in favor of the administratrix of the estate of Vogel. One of the decisive questions of fact in that case, here for review, was whether, at the time and place of the accident, Johnson was acting in the course of and within the scope of his employment, as an employe of the Nash-Finch Company, so as to render that company liable for his negligence in causing the accident and the death of Vogel. This court held, two justices dissenting, that there was evidence sufficient to sustain the jury in finding that Johnson was in the course of and within the scope of his employment at the time and place of the accident. In the opinion, after holding that there was evidence sufficient to sustain the verdict on that issue, the court said [196 Minn. 512]:

"Of course there is also a basis for finding that Johnson had wholly abandoned his employer's business and was solely in the pursuit of his own desires on the trip to Strathcona and back."

In other words, this court held that the evidence was such that a verdict by the jury either way on that question would be sustained.

In the present case there is, so far as the record shows, no additional or different evidence of such decisive force as materially to change the situation or permit us to say, as a matter of law, that the decision of the commission is not reasonably sustained by the evidence.

Our review of issues of fact decided by the commission is limited, as hereinbefore noted. We do not make findings of fact. The commissioners had all the evidence before them. As shown by the memorandum, written by Commissioner Debel, attached to their decision, the evidence was fully considered. The facts shown and the permissible reasonable inferences that may be drawn therefrom are sufficient to sustain the finding and conclusions made by the commission. The case is one where the finding of the commission either way on this fact issue would be sufficiently sustained by the evidence.

The writ of *certiorari* is discharged and the decision of the industrial commission affirmed.

Affirmed.