## CHRIS BAKER v. MacGILLIS GIBBS COMPANY AND ANOTHER.[1]

November 29, 1946.

No. 34,233.

See, 216 Minn. 469, 13 N. W. (2d) 457.
*William A. Tautges* and *B. H. Bowler,* for relator.
*Reynolds & McLeod,* for respondents.

CHRISTIANSON, JUSTICE.

Certiorari to review an order of the industrial commission.

The employe here involved, Chris Baker, was injured on May 28, 1940, in the course of his employment with MacGillis Gibbs Company. A decision of the industrial commission holding that employe suffered total disability from May 28, 1940, to September 19, 1941, and that he was thereafter only partially disabled came be-

[1]Reported in 25 N. W. (2d) 219.

fore this court for review in 1944. Baker v. MacGillis Gibbs Co. 216 Minn. 469, 13 N. W. (2d) 457. The order of the commission was reversed and the case remanded with directions to award compensation for total disability. The opinion in that case contains a full recital of the facts involved and the proceedings had in the matter up to the time of such review. Pursuant to the decision of this court in that proceeding, the industrial commission on March 9, 1944, entered its order determining that the employe was totally disabled from May 28, 1940, to and including January 20, 1943.

After a period of compliance with the foregoing order, the insurer gave notice of reduction of payments, and the commission referred the matter to a referee for hearing. On August 23, 1945, after the referee had taken the evidence of several witnesses, he made and filed his findings, which, insofar as pertinent here, were that employe was totally disabled from May 28, 1940, to August 23, 1944, and only partially disabled from August 24, 1944, to August 1, 1945, a period of 49 weeks, and that in such partially disabled condition employe was able to earn $16.15 per week. On the basis of such findings, the referee determined that for the 49-week period referred to employe was entitled to receive compensation of $7.71 per week. On appeal to the industrial commission from the referee's findings and decision, the commission, on January 9, 1946, affirmed and adopted the referee's findings and decision. It is to review such action of the commission that the matter is now here on certiorari.

Determination of one question here will dispose of all employe's assignments of error requiring our consideration. That question is whether the evidence sustains the commission's finding that employe was only partially disabled between August 24, 1944, and August 1, 1945, and whether in such partially disabled condition he was capable of earning $16.15 per week. It is employe's contention that during such period he was totally disabled; that by reason thereof he was not able to earn any wages; and consequently that there should not have been a reduction of his weekly compensation from $18.48 to $7.71 per week.

462

■ In passing upon the sufficiency of the evidence upon which the commission has, as here, based its findings on fact questions, we apply the rule laid down in Jones v. Excelsior Laundry Co. 183 Minn. 531, 532, 237 N. W. 419, where this court said:

"* * * A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. Krueger v. King Midas Mill. Co. 169 Minn. 153, 210 N. W. 871; Gaetz v. City of Melrose, 155 Minn. 330, 193 N. W. 691; State ex rel. Niessen v. District Court, 142 Minn. 335, 172 N. W. 133; State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311."

■ Dr. H. W. Meyerding, of the Mayo Clinic, and Dr. Wallace Cole, two reputable medical experts who had examined employe and were familiar with his physical condition, were both of the opinion that he was only partially disabled and that in such partially disabled condition he was capable of engaging in certain types of gainful employment, such as that of a watchman, an elevator operator, an assembler in an industrial plant, or a sorter of merchandise.

Then there was the testimony of Thomas P. Conroy, an experienced supervisor of the referral and labor section of the United States Employment Service, who testified as to various jobs available to a man in employe's partially disabled condition. He stated that he was confident that he could find for one in employe's condition "suitable work within his physical limitations, probably as a passenger elevator operator or possibly as a watchman with limited duties and probably as an assembler or sorter or some type of work within the war industry or less essential industry of the present day." He testified also that in such jobs as these wages of from $75 to $117 per month, or 65 cents per hour, were being paid.

A review of the evidence in the record, in the light of the rule laid down in Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419, *supra,* compels the conclusion that the findings of the commission are amply sustained that employe was but partially

disabled during the period from August 24, 1944, to August 1, 1945, and that in such partially disabled condition was capable of earning $16.15 per week in gainful employment.

The findings with respect to disability and the earning power of employe in his partially disabled condition being sustained by the evidence, it follows that the reduction in the weekly compensation paid him is correct and in conformity with the compensation act.

Writ discharged and order of the commission affirmed.