JOHN WILLIAM ANDERSON, JR. v.
GORDON M. JENSEN, d.b.a. GORDY'S MILEAGE
STATION, AND ANOTHER.
NORTHWEST PAPER COMPANY, RESPONDENT.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND, RESPONDENT.

184 N. W. (2d) 774.

March 5, 1971—No. 42486.

*Hammer, Weyl, Halverson & Watters* and *William D. Watters,*
for relators.

*Thomas W. Walsh,* for respondent employee.

*Applequist, Lyons, Nolan, Donovan, Larson & Barnes,* for re-
spondent Northwest Paper Company.

*Douglas M. Head,* Attorney General, *Jerome D. Truhn,* Solici-
tor General, and *Winston Ehlmann* and *Gary C. Reiter,* Special
Assistant Attorneys General, for respondent state treasurer.

Heard before Knutson, C. J., and Nelson, Otis, Kelly, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

This is a proceeding under the Workmen's Compensation Act by employee-respondent, John William Anderson, Jr., to recover compensation. After a hearing, a compensation judge issued his findings and determination to the effect that the employee, while employed by Northwest Paper Company, sustained a personal injury on April 20, 1968, which would not have occurred except for a preexisting physical impairment resulting from a personal injury occurring on March 3, 1967, while Anderson was employed by Gordon M. Jensen, doing business as Gordy's Mileage Station. The compensation judge ordered payment of compensation by Northwest and further ordered reimbursement to Northwest from the Special Compensation Fund for all compensation benefits paid. An appeal was taken to the Workmen's Compensation Commission by Northwest and the Special Compensation Fund.

The commission found that the employee did not sustain a personal injury on April 20, 1968, and ordered compensation benefits to be paid by the relators herein, Gordon M. Jensen and his insurer, Western Casualty and Surety Company. The commission dismissed the claim of the employee against Northwest and the claim of said company for reimbursement against the Special Compensation Fund.

The main issue on this review is whether a "personal injury" was sustained by the employee arising out of and in the course of his employment with Northwest Paper Company on April 20, 1968.

It appears from the record that the employee, while employed by Gordy's Mileage Station, sustained a personal injury to his left shoulder on March 3, 1967, from which he was temporarily

disabled for 5 weeks and for which he was paid compensation.

On or about December 23, 1967, while at home, the employee reached up and pulled on and twisted to break off a tree branch hanging on his car, at which time he felt pain in his left shoulder. The pain went away within minutes. He did see a doctor 4 or 5 days later but received no treatment. The employee testified that he felt no hollow space in his shoulder as at the time of the March occurrence, when he had suffered a dislocation.

On April 20, 1968, while employed by Northwest, Anderson was involved in the loading of a machine. During the loading process, as he was bending over, he reached up with his left arm fully extended and pulled a cord switch that activated a hoist. It was necessary to continue pulling the cord switch for the electric hoist to operate. While in this position and while pulling the cord switch, he felt a severe pain in his left shoulder and dropped to his knees. He also felt a hollow space in his shoulder as he had in March 1967. The employee was then driven to the hospital, where a doctor examined him. He was released but surgery was suggested. Surgery was performed on June 23, 1968, and Anderson returned to work for the paper company on November 25, 1968.

The testimony of the only medical witness called by the parties, Dr. William A. Swedberg, appearing on behalf of the employee, furnishes a sufficient basis upon which the commission could find that the continued use by the employee of his left shoulder, whether in employment or in any other type of activity, produced wear and tear on it but that this was actually traceable to the original injury of March 3, 1967, rather than to any subsequent injuries. In this regard Dr. Swedberg testified that "the reaching for the cord—the pain and discomfort, reaching for the cord was the result of the original injury at the filling station."

When asked whether he had an opinion as to the probable cause for the condition on which he operated and the attending disability, Dr. Swedberg stated, "The probable cause was the first injury on March 3rd, 1967." Dr. Swedberg further stated

that the dislocation of April 20, 1968, would not have happened except for the dislocation which occurred when Anderson fell on his shoulder at the gas station, an opinion the doctor said was confirmed by the operative findings. The doctor also stated that the original injury was severe and had resulted in the tearing of the capsule from Anderson's neck and the looseness of the labrum.

The commission had no difficulty in coming to the conclusion that the original injury had not been aggravated by later incidents and that the probable cause of the necessity for surgery was the original injury. We have repeatedly stated that determinations by the commission of controverted questions of fact must be sustained unless such determinations are manifestly contrary to the evidence, and that a finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. Numerous authorities upholding this general principle are collated in Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419.

When it comes to a question of cause and effect, the conclusion must be left with the commission when the evidence is conflicting and will sustain a finding either way. Johnson v. Pillsbury Flour Mills Co. 187 Minn. 362, 245 N. W. 619. However, a mere preponderance of medical testimony does not prevent a trier of fact from reaching a conclusion to the contrary where such conclusion is sustained by other reasonable testimony. Thus, proof sufficient to sustain the commission's finding need not be of a character necessary to satisfy a medical test. Conway v. Swift & Co. 175 Minn. 42, 43, 219 N. W. 944. All of the testimony in the record must be considered, and if, when that is done there is still room for reasonable minds to come to different conclusions, a court of review cannot disturb the findings of the trier of fact. We think the record presents just that kind of a situation in the instant case. Jones v. Excelsior Laundry Co. *supra.*

This court has repeatedly held that the commission's determination of fact questions will not be disturbed on appeal unless it is manifestly contrary to the evidence. Fisher v. Red & White Taxi Co. 270 Minn. 317, 133 N. W. (2d) 543; Richter v. Shoppe Plumbing & Heating Co. 257 Minn. 108, 100 N. W. (2d) 96. We are unable to say that the record in this case does not contain support for the commission's decision and accordingly we affirm.

Affirmed.