HARLOWE W. ZELLMER v. UNIVAC AND ANOTHER.

187 N. W. (2d) 280.

May 21, 1971—No. 42611.

*Harry N. Ray,* for relator.

*Hansen, Hazen, Dordell & Bradt* and *Gene P. Bradt,* for respondents.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and Rolloff, JJ.

NELSON, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission filed May 8, 1970, affirming the findings and determination of a compensation judge that relator, Harlowe W. Zellmer, did not sustain a personal injury arising out of and in the course of his employment which resulted in a right inguinal hernia.

The facts are as follows: In 1964, relator was hired by Univac as a janitor in its St. Paul plants. At the time of his hiring, he was given a preemployment physical examination and accepted for employment without any restrictive conditions. However, he had a medical history of a right inguinal hernia repair in 1937 and a left inguinal hernia repair in 1948.

In the course of a day's work, relator's duties as a janitor required him to lift 8 or 9 5-gallon glass jugs containing drinking water. The jugs each weighed about 48 pounds. Relator was also required to lift waste containers ranging in size from small wastebaskets to a 55-gallon barrel weighing over 125 pounds. It is relator's claim that about December 12, 1967, as he was

emptying a barrel into a dumpster at work, he felt a sharp, stinging pain in his right inguinal area and did not feel completely comfortable the rest of the day. About 2 or 3 weeks later, while bathing, he coughed and noticed a bulging in the right inguinal area. He reported to the company nurse and the company doctor, who referred him to Dr. Bernard G. Lannin, a general surgeon. Dr. Lannin found relator had a recurrent right inguinal hernia and operated on him in February 1968 to repair the hernia. Dr. Lannin ordered relator to convalesce for 6 weeks before returning to work.

Relator sought workmen's compensation from Univac for temporary total disability and the medical and hospital bills incurred in the hernia repair, alleging that the hernia arose out of and in the course of his employment. Univac and its insurer, Liberty Mutual Insurance Company, denied liability. Following a hearing on October 1, 1969, the compensation judge found that relator's injury did not arise out of and in the course of his employment and denied compensation. Relator appealed to the Workmen's Compensation Commission, which affirmed the findings and determination of the compensation judge and denied relator's subsequent petition for reargument.

The issues raised here are: (1) Whether the Workmen's Compensation Commission's decision denying benefits to relator was manifestly contrary to the evidence; (2) whether the compensation judge committed error in receiving into evidence a copy of a transcript of a recorded telephone conversation.

■ Relator contends that the record establishes that the injury sustained arose out of his employment. The only witnesses to testify at the hearing were relator and Dr. Lannin. The direct testimony of relator supported his claim that his injury occurred at the time he was lifting a barrel while at work and that he sought the subsequent treatment he received.

Dr. Lannin testified on direct examination that relator had a recurrent right inguinal hernia which required repair and which was located near the site of the previous hernia which had

been repaired in 1937. The doctor further testified that this type of hernia could be caused by lifting. On cross-examination, he testified that the hernia was fairly recent and that he thought that relator had told him that he got it "while lifting a pail or something. I don't remember exactly." However, upon further examination Dr. Lannin testified that in a report he sent respondent insurer after the surgery had been performed he recorded no history of injury. In fact, the report contained the statement that there was no history of accident of which the doctor was aware. The doctor, however, reiterated in later cross-examination and again on redirect that relator had claimed he noticed his injury while at work.

On cross-examination, relator was asked if he remembered receiving, prior to his surgery, a telephone call from an employee of respondent insurer during which a statement relating to how his injury occurred was taken and recorded. Relator testified that he recalled this occasion, that he had permitted the conversation and recording to take place, and that he had 'subsequently received a transcript of the conversation. Several questions and answers were then read to him from the transcript showing that he had told respondent insurer's interviewer that he did not know how the hernia had occurred; that he had noticed it in late December 1967 or early January 1968; that he noticed pain when he lifted his arms or coughed; and that he recalled no specific incident where he had felt pain as he lifted some heavy object or twisted himself. Relator was then asked if he recalled these statements and he admitted that to the best of his recollection they were true. He was permitted to read the transcript and it was then admitted into evidence over his objection.

In unanimously affirming the compensation judge's determination that relator's injury did not arise out of and in the course of his employment, the commission concluded that in view of the fact that Dr. Lannin's testimony indicated that he did not really know whether he had obtained a history of injury at work, and in view of the statements of relator which impeached his

version of how the injury occurred, relator had not met the burden of proving that he received his injury at work.

This court has repeatedly stated that determinations by the commission of controverted questions of fact must be sustained unless such determinations are manifestly contrary to the evidence, and that a finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived. Anderson v. Jensen, 289 Minn. 432, 184 N. W. (2d) 774; Jones v. Excelsior Laundry Co. 183 Minn. 531, 237 N. W. 419. We cannot agree with relator that he has established by a fair preponderance of the evidence that his injury was causally related to his work and that he thus has met the burden of proof on that issue. His testimony, although positive on direct examination as to how his injury occurred, was impeached on cross-examination. Therefore, the commission was not bound to accept it as true. Erickson v. Erickson & Co. 212 Minn. 119, 2 N. W. (2d) 824. Dr. Lannin's testimony that relator claimed that he first noticed the hernia while at work was made ineffective by the doctor's indication on the medical report filled out for respondent insurer that there was no history of any direct injury or accident of which he was aware.

We must therefore conclude that the commission could properly find, under the evidence in the instant case, that there was a lack of evidence to sustain relator's claim that his injury was causally related to his work.

■ The compensation judge in finding that relator had not sustained his burden of proof stated that he believed the transcript of the telephone conversation between relator and respondent insurer's employee had been erroneously received into evidence, but that he had not considered it in making his determination. The commission held that, although admissions of recorded statements might raise a question of proper foundation, in view of relator's agreement to give the statement and his sub-

sequent admission that it was correct, the statement was properly admitted and could receive consideration.

Relator argues that the transcript should not have been received because of lack of foundation, and that to establish foundation, it must be shown that the transcript was accurate and that the statement was given voluntarily. Relator sets out as authority an annotation and various cases dealing with the admissibility of sound recordings before juries. We think this authority inapposite to the instant case. In workmen's compensation proceedings, strict rules of evidence are not generally observed.[1]

In urging against admissibility of the transcript, relator also cites George v. Marvin L. George Builders, Inc. 282 Minn. 375, 164 N. W. (2d) 891, for the proposition that where an interested party makes a report to the commission, the report cannot be received as evidence in his favor over objection where the person making the report has not been subjected to cross-examination under oath. That case also does not apply here in light of relator's admissions that he gave the statement voluntarily, that he received a transcript of the statement, and that it accurately reflected the statements he made. The commission's conclusion on the issue was correct.

Affirmed.

---

[1] Minn. St. 176.411, subd. 1, provides: "Except as otherwise provided by this chapter, when the commission, a commissioner or compensation judge makes an investigation or conducts a hearing, it or he is bound neither by the common law or statutory rules of evidence nor by technical or formal rules of pleading or procedure. The investigation or hearing shall be conducted in a manner to ascertain the substantial rights of the parties.

"Findings of fact shall be based upon competent evidence only."