LaMONTE HENRICHS v. ESSIG COOPERATIVE
CREAMERY ASSOCIATION AND ANOTHER.

198 N. W. 2d 135.

May 12, 1972—No. 43395.

Carl A. Jensen, for relator.

Craig H. Anderson, for respondents.

Considered by Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission denying employee-relator's claim for compensation and medical benefits against respondents. It was employee's contention that his disability, which occurred in July of 1969 from the strangulation of a right inguinal hernia, was due to an injury sustained in an accident arising out of and in the course of his employment. The commission concluded that employee had not sustained the burden of proof and denied the benefits. We affirm.

Employee, a young man 24 years of age, started his employment about 4 months prior to the strangulation of the hernia. His work consisted of driving a milk truck to farms and picking up and placing on the truck cans of milk weighing 100 to 125 pounds. He handled each

day, 7 days a week, 8,000 to 9,000 pounds of milk for a period of about 4 months. Employee testified that on July 4, 1969, he had rushed through his work in order to attend a family gathering. He participated in the family outing by fishing and playing ball. On July 5, 1969, while taking a bath, he first noticed a lump in his groin. At no time, while working or at any other time, did employee notice or experience any pain.

Employee continued working until July 28, 1969. On July 23, 1969, he submitted to a physical examination in connection with an application for another job. The examination revealed that the lump in the groin was a right inguinal hernia. His family physician repaired the hernia by surgery on August 5, 1969. Employee returned to work at his new place of employment on October 21, 1969. Employee had no prior history of a hernia. The treating physician testified that it was probable that the employment caused the hernia. A physician called by respondents, based upon his hearing of the testimony, stated that in his opinion one could not tell when the hernia developed as the employee gave no evidence that he suffered any pain.

As we have repeatedly stated, it is the function of this court to determine whether the evidence supports the findings of the commission. Balow v. Kellogg Co-op. Creamery Assn. 248 Minn. 20, 78 N. W. 2d 430 (1956). The commission, relying on the case of Zellmer v. Univac, 290 Minn. 271, 187 N. W. 2d 280 (1971), held that relator had not sustained the burden of proof. The evidence reasonably supports the findings, and the decision of the commission is sustained.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.