WARREN BERTHIAUME v. VERNON THOMPSON,
d.b.a. BERTHIAUME & THOMPSON PAINTING,
AND ANOTHER.
STATE TREASURER, CUSTODIAN OF
SPECIAL COMPENSATION FUND.

219 N. W. 2d 442.

June 21, 1974—No. 44355.

*Sahr, Kunert, Tambornino & Soshnik* and *John L. Tambornino,* for relators.

*Collins & Buckley* and *Eugene D. Buckley,* for respondent Employers Mutual.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

PER CURIAM.

Certiorari to review a Workmen's Compensation Commission decision denying reimbursement from the Special Compensation Fund pursuant to Minn. St. 1967, § 176.131, subd. 1. We affirm.

The only issue for our consideration is whether the evidence sustains the commission's findings. The commission found that as a result of the first injury in 1964, the employee had not suffered a physical impairment within the meaning of Minn. St. 1967, § 176.131, subds. 4 and 8.[1] The commission also found that the medical report filed with the commission after the first injury did not show a physical impairment. Finally, the commission determined that the disability resulting from the injury sustained in 1968 was not substantially greater because of the first injury. Minn. St. 1967, § 176.131, subd. 1.

The first injury was sustained December 31, 1964, when employee fell down an embankment. The resulting injury was diagnosed as a low back strain and no permanent disability was expected. Employee returned to work on March 1, 1965. The record indicates that employee

---

[1] Minn. St. 1967, § 176.131, provides in part:

"Subd. 4. If the employee's pre-existing physical impairment has been caused by a personal injury for which medical reports, showing the impairment have been filed with the commission and for which compensation has been paid under Chapter 176, the employee shall be deemed to be registered.

\* \* \* \* \*

"Subd. 8. As used in this section the following terms have the meanings given them:

'Physical impairment' means any physical or mental condition which is or is likely to be a hindrance or obstacle to obtaining employment."

had no further problems with his back; that he returned to the same work which included erecting scaffolds and moving ladders and which was characterized by employee as "heavy work"; that after his return from the first injury he did not lose any time from work; and that he did not take medication or seek medical attention prior to the second injury. Expert medical testimony indicated that a low back strain could heal completely and without further complication between December 31, 1964, and March 1, 1965. These facts support the commission's finding that the employee did not suffer a physical condition "which is or is likely to be a hindrance or obstacle to obtaining employment." Minn. St. 1967, § 176.131, subd. 8.

The second injury occurred on June 27, 1968. The employee fell off a 6-foot ladder and sustained a back injury initially diagnosed as a herniated intervertebral disc. The commission, based on conflicting expert medical testimony, found that the subsequent injury was not made substantially greater because of the first injury.

The scope of this court's review is limited. If the findings are based upon credible evidence, they may not be disturbed on appeal. Villebrun v. Fryrear, 288 Minn. 478, 183 N. W. 2d 279 (1970); Anderson v. Jensen, 289 Minn. 432, 184 N. W. 2d 774 (1971); MacNamara v. Jennie H. Boyd Trust, 287 Minn. 163, 177 N. W. 2d 398 (1970). While there is some conflicting and inconsistent evidence, the record adequately supports the commission's findings.

Affirmed.